NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAMON CAMPBELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. 24cv5642 (EP) (CLW)

OPINION

**PADIN, District Judge.**

*Pro se* Plaintiff Damon Campbell alleges that an attorney for the National Labor Relations Board ("NLRB") violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* D.E. 1-1 ("Complaint" or "Compl."). Plaintiff alleges no facts about the substance of these allegations. *See id.*

Defendant the United States moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6). D.E. 9 ("Motion" or "Mot."). Plaintiff does not oppose the Motion.[1] The Court decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons below, the Court will **GRANT** Defendant's Motion and **DISMISS** the Complaint *without prejudice*.

---

[1] Nevertheless, because Plaintiff is proceeding *pro se*, "the Court must address unopposed motions to dismiss a complaint on the merits." *Estate of Casella v. Hartford Life Ins. Co.*, No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)).

I.   **BACKGROUND**[2]

Plaintiff provides little information in his Complaint. As best as the Court can discern, Plaintiff claims that Robert Mulligan, an NLRB field attorney, retaliated against and threatened Plaintiff. Compl. at 1.[3] Potentially, other government employees were involved. *See id.* (Plaintiff states that the tortious conduct was carried out by "government employee**s**") (emphasis added). Plaintiff alleges he has email and audio proof of his civil rights being violated. *Id.* He seeks $20,000 in damages. *Id.*

II.   **PROCEDURAL HISTORY**

Plaintiff filed the Complaint on February 29, 2024 in the Superior Court of New Jersey, Hudson County. Compl. The case was subsequently transferred to the Superior Court in Essex County. D.E. 1 ¶ 2 (citation omitted). On April 25, 2024, the United States filed a notice of removal under 28 U.S.C. § 2679(d)(2), which allows for the removal of state tort suits brought against federal employees upon certification by the Attorney General that the employee acted within the scope of his or her employment at the time of the conduct giving rise to the action. D.E. 1. The Government filed that certification on May 3, 2024. D.E. 2. The United States now moves to dismiss the Complaint. Mot. Plaintiff does not oppose.

III.   **LEGAL STANDARDS**

   A.   **Federal Rule of Civil Procedure 12(b)(1)**

Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When considering a motion to dismiss for a lack of subject matter

---

[2] The facts in this section derive from the Complaint's well-pled factual allegations, which the Court presumes to be true for purposes of resolving this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss "should not ordinarily be granted 'solely because it has not been opposed.'" *Miller v. Culmac Invs., Inc.*, No. 20-456, 2020 WL 7868139, at *2 (D.N.J. Dec. 31, 2020) (quoting *Stackhouse*, 951 F.2d at 30).

[3] For ease of reference, the Court uses the page numbers generated by CM/ECF.

jurisdiction, a district court must first determine whether "a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Penn. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

"A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Id.* at 358.

But "[a] factual attack is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* Unlike with a facial attack, in a factual attack, "the court may consider evidence outside the pleadings to satisfy itself of its power to hear the case." *Torres v. United States*, No. 19-16395, 2019 WL 7343494, at *2 (D.N.J. Dec. 31, 2019) (citing *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). Because the United States is challenging Plaintiff's compliance with a jurisdictional perquisite (administrative exhaustion), this is a factual attack. *See Medina v. City of Phila.*, 219 F. App'x. 169, 172 (3d Cir. 2007) (finding that a motion to dismiss based on plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act was a factual attack).

IV.    ANALYSIS

    A.    **This Court Lacks Jurisdiction Over Plaintiff's Claims Due To His Failure To Exhaust Administrative Remedies**

As a sovereign, the United States "is immune from suit save as it consents to be sued" and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act ("FTCA") is the exclusive remedy for damages claims resulting from the allegedly negligent or wrongful

3

actions of federal employees taken within the scope of their employment. 28 U.S.C. § 2679(b)(1). Thus, the FTCA is a limited waiver of the United States's sovereign immunity.

However, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (citing 28 U.S.C. § 2675(a)). Exhaustion of administrative remedies under the FTCA "is jurisdictional and cannot be waived." *Bialowas v. U.S.*, 443 F.2d 1047, 1049 (3d Cir. 1971).

Plaintiff fails to allege that he presented his claims to the NLRB. Compl. In addition, the NLRB searched its records and could not locate any administrative tort claim filed by Plaintiff.[4] Mot. at 5 (citing D.E. 9-2, Declaration of Nancy E. Kessler Platt ¶¶ 6-7). Because Plaintiff failed to exhaust his administrative remedies as required by the FTCA, the Court does not have subject matter jurisdiction over his claims. *Priovolos v. Fed. Bureau of Investigation*, 686 F. App'x 150, 152 (3d Cir. 2017). Therefore, the Court will **GRANT** Defendant's Motion.

Because this dismissal is pursuant to 28 U.S.C. § 2675, Plaintiff may be able to file an administrative claim in compliance with the time limitations in 28 U.S.C. § 2679(5), which states:

> [w]henever an action or proceeding in which the United States is substituted as a party defendant under this subsection is dismissed for failure to present a claim pursuant to section 2675(a) of this title [28 U.S.C. § 2675(a)], such a claim shall be deemed to be timely presented under section 2401(b) of this title [28 U.S.C. § 2401(b)] if—
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

---

[4] As stated *supra*, because this is a factual attack, the Court may rely on evidence outside the pleadings. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

To the extent Plaintiff may timely file an administrative claim, he may do so within **60 days**. *See Torres*, 2019 WL 7343494, at *4.

V.  **CONCLUSION**

For the reasons above, the Court will **GRANT** Defendant's Motion and **DISMISS** Plaintiff's claims ***without prejudice***. An appropriate Order accompanies this Opinion.


Dated: May 29, 2025

_____
Evelyn Padin, U.S.D.J.

5